# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

Jeff McGraw
_____

_____

_____
*Plaintiff(s)/Petitioner(s)*

v.

Mary Peeks, Dr. David,
Warden Mitchell, ~~intake nurse~~
Wexford Health Sources
_____
*Defendant(s)/Respondent(s)*

Case Number: __21-800-SMY__
*(Clerk's Office will provide)*

☐ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)
☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)
☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C.
§§1346, 2671-2680, or other law

## I. JURISDICTION

### Plaintiff:

A. Plaintiff's mailing address, register number, and present place of confinement.

P.O. Box 99, Pontiac, IL 61764
IDOC# Y38458
Pontiac Correctional Center

### Defendant #1:

B. Defendant __Mary Peeks__ is employed as
      (a)   (Name of First Defendant)

__Nurse Practitioner__
(b)   (Position/Title)

with __Wexford Health Sources, Inc__
         (c)   (Employer's Name and Address)

__501 Holiday Drive, Foster Plaza Four, Pittsburgh, PA 15220__

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☐ Yes   ☑ No

If your answer is YES, briefly explain:

**Defendant #2:**

C.   Defendant <u>Dr. A. David</u> is employed as
        (Name of Second Defendant)

<u>Physician</u>
(Position/Title)

with <u>Wexford Health Sources, 501 Holiday Drive,</u>
         (Employer's Name and Address)
<u>Foster Plaza Four, Pittsburgh, PA 15220</u>

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☐ Yes   ☒ No

If you answer is YES, briefly explain:

**Additional Defendant(s) (if any):**

D.   Using the outline set forth above, identify any additional Defendant(s).

Defendant #2: 3

C.  Defendant __Warden Mitchell__ is employed as
    (Name of Second Defendant)

    __Warden__
    (Position/Title)

    with __Illinois Department of Corrections,__
    (Employer's Name and Address)
    __1301 Concordia Court, Springfield, IL 62701__

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?  ☒ Yes  ☐ No

If you answer is YES, briefly explain:

Warden Mitchell is employed as the warden at Shawnee Correctional Center, a facility of the Illinois Department of Corrections.

**Additional Defendant(s) (if any):**

D.  Using the outline set forth above, identify any additional Defendant(s).

**Defendant #2:** (4)

C.  Defendant <u>Wexford Health Sources</u> is employed as
    (Name of Second Defendant)

<u>Private Corporation</u>
(Position/Title)

with <u>501 Holiday Drive, Foster Plaza Four</u>
     (Employer's Name and Address)
<u>Pittsburgh, Pennsylvania 15220</u>

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☐ Yes   ☒ No

If you answer is YES, briefly explain:

**Additional Defendant(s) (if any):**

D.  Using the outline set forth above, identify any additional Defendant(s).

## II. PREVIOUS LAWSUITS

A.  Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☐Yes ☒No

B.  If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. You must list ALL lawsuits in any jurisdiction, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1. Parties to previous lawsuits:
   Plaintiff(s):


   Defendant(s):


2. Court (if federal court, name of the district; if state court, name of the county):

3. Docket number:

4. Name of Judge to whom case was assigned:

5. Type of case (for example: Was it a habeas corpus or civil rights action?):

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):

7. Approximate date of filing lawsuit:

Rev. 7/20/18                                3

8. Approximate date of disposition:

9. Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"

## III.  GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? ☑ Yes   ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?    ☑ Yes   ☐ No

C. If your answer is YES,
   1. What steps did you take?
   
   I completed the grievance process.

   2. What was the result?
   
   My grievance was denied at all stages.

D. If your answer is NO, explain why not.

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   ☐ Yes   ☐ No

F. If your answer is YES,
   1. What steps did you take?

   2. What was the result?

G. If your answer is NO, explain why not.

H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

In 2013, I was shot 15 times. I had surgery in 2013 at Christ Hospital in Chicago and Northwestern University Hospital in 2014 to have bullet fragments removed from my bladder. To-date I am currently having difficulty urinating and have chronic pain in my pelvic area and penis. While housed in Cook County Jail, I was continuously being seen for pain in my pelvic area and urinary retention. In 2019, I was seen by a urologist at Cook County Jail. After a CT scan, I was told that there was bullet fragments in my prostate. The urologist gave me the option for surgery now (then) or wait until the fragments traveled to a safe place for removal. The urologist stated that the bullet fragments were causing inflammation in my prostate. I chose the latter option as the urologist further stated that bullet removal from my prostate could cause me to lose the ability to have an erection, a "soft erection and premature ejaculation. The urologists also diagnosed me as having prostatitis

## IV. STATEMENT OF CLAIM (continued)

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

In March of 2020, I began submitting sick call requests at Shawnee Correctional Center for urinary retention, pelvic and penile pain. I was not seen until October or November of 2020. I submitted seven requests before I was seen. At one of the visits Mary Peeks gave me a urine test and it is on information and belief that the test will not detect prostate issues nor will it show whether the bladder is functioning properly. Peeks was well aware of my medical issues because we reviewed my medical file during one of the visits. Furthermore, Peeks had me sign a medical records release form for records from Christ Hospital and Northwestern. During my visits with Peeks, she was overtly and openly hostile to me. When I took the urine test, I explained my problem to Peeks and that I have had the issues before. Peeks replied that "I don't know what the fuck I'm talking about. Peeks has been rude, unprofessional and always has an attitude. I also informed Peeks that if she looked in my medical file she would see that I have was diagnosed as having prostatitis, chronic B/L testicular

Rev. 10/3/19

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

Pain. She would see that I have had suprapubic and urethral foley catheters, acute bacterial prostatitis and I was given Cipro 500. Peeks has the ability to refer inmates to see a physician and although she was aware of the problems I was having, she failed to refer me until months after I initially saw her. Peeks even lied and told Warden Mitchell that I was scheduled to see the physician on December 7, 2020. I did not see the physician until the beginning of January. Peeks unnecessarily delayed referring me to see the physician.

On December 4, 2020 I was in healthcare waiting to see Telepsych. I observed Warden Mitchell and I asked to have a word with him. I told him it was an emergency. I told him I was in a lot of pain due to an enlarged prostate and that I wasn't being treated properly. He inquired as to how long had I been in pain. I identified nurse Peeks to him. He asked her what was going on and Peeks stated that she referred me to Dr. David and I was scheduled for December 7, 2020. I did not see Dr. David on December 7, 2020. On December 7, 2020 Wardens Mitchell and Walker were conducting a walk-thru in receiving and I asked Mitchell could I speak with him. I told him I was in extreme pain and I reminded him of our conversation on the 4th.

Rev. 10/3/19

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

I also reminded him of what nurse Peeks told him - that I would be seen on December 7, 2020. He stated that he remembered the conversation. I told him I had not seen the doctor and that I was in pain. He said "Oh, well" and walked off. Warden Mitchell has a duty to ensure that I am receiving medical care. He also has the authority to walk me to healthcare to receive immediate attention.

Once I saw Dr. David, I explained to him all the same things I explained to Peeks. I told Dr. David that I had researched my issues (frequent urination, delay in start to pass urine, weak urine flow, dribbling after urination, feeling that the bladder has not emptied completely) and I may have an enlarged prostate. Dr. David gave me no test or any type of examination to determine the cause of my symptoms. David stated in his response to my grievance that I had no evidence of urinary retention yet he prescribed medication for urinary retention. These pills have not alleviated my issues. I am still having urinary issues and pain in my pelvis, penis and testicles.

It is on information and belief that Dr. David is a general practitioner and not a urologist. He made the decision

Rev. 10/3/19

to not refer me to a specialist or urologist without even looking at my medical file. He did not order a CT scan, x-ray or MRI to see if I actually had any bullet fragments in my prostate and whether the fragments had moved. If David had viewed my medical file, he would have seen my previous treatments from urologists a Christ Hospital, Northwestern Hospital and the CT scan from the urologist at Cook County Jail (which would have showed the bullet fragments in my prostate.) The prescription pills David gave me do not and will not alleviate my pelvic, penile and testicular pain caused by the bullet fragments in my prostate. Dr. David failed to investigate enough to make an informed judgment. Dr. David also failed to provide treatment for my diagnosed condition (prostatitis).

Wexford Health Sources contracts with IDOC to provide medical care to inmates. Through the actions and inactions of its employees, the following unconstitutional policies and/or customs, written and/or unwritten exist: 1) an inmate

has to see a nurse, who does nothing more than triage, twice before seeing a physician for a serious, diagnosed medical condition(s) which allows pain to linger unnecessarily; 2) physicians, who are general practitioners are able to deny access to specialist without a thorough investigation of inmate medical complaints; 3) inmates with serious, diagnosed medical conditions are delayed treatment in hope that the issue will resolve itself; 4) inmates are routinely denied CT scans, X-rays & MRI's to save money thus physicians have no idea, until something drastic happens, that an inmate has a condition.

### State Court Claims

This Court has supplemental jurisdiction over the following state law claims pursuant to 28 U.S.C. 1367:

I reallege and incorporate by reference the previous statement of claim in its entirety.

- All defendants' actions constitute negligence under Illinois law.

- Defendant Wexford's actions/inactions, policy and/or customs constitute corporate negligence under Illinois law.

- Defendants David and Peeks actions/inactions constitute healing art malpractice under Illinois law.

V.  **REQUEST FOR RELIEF**

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

I am seeking $1,100,000 in punitive, nominal and compensatory damages individually, and collectively from all defendants

VI. **JURY DEMAND** (check one box below)

The plaintiff ☑ does ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: _____        _____
           (date)                    Signature of Plaintiff

_____                   _____
Street Address                       Printed Name

_____                   _____
City, State, Zip                     Prisoner Register Number

                   _____
                   Signature of Attorney (if any)

Rev. 10/3/19



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Jeff McGraw      Y38458
Name             ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?    **(Yes)** or No

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?    Yes or **(No)**

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?    Yes or **(No)**

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted:   16

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Notice of Intent | 1 |
| 42 U.S.C. 1983 - Complaint | 15 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.