048928/21061/TPD/BSS

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| JEFF MCGRAW, #Y38458, <br><br> Plaintiff, <br><br> v. <br><br> MARY PEEKS, A. DAVID, WARDEN MITCHELL, and WEXFORD HEALTH SOURCES, <br><br> Defendants. | No. 3:21-cv-00800-SMY |

## ANSWER TO COMPLAINT

COMES NOW Defendant, WEXFORD HEALTH SOURCES, INC., by and through its attorneys CASSIDAY SCHADE LLP, and for its Answer to plaintiff, JEFF MCGRAW, #Y38458's Complaint (Doc. 1), as modified by the Court's Merit Review Order (Doc. 9), states as follows:

### STATEMENT OF CLAIMS

In its Merit Review Order (Doc. 9), the Court designated the allegations in Plaintiff's Complaint (Doc. 1) into three counts, listed as Counts 1 through 3. Defendant responds to Counts 1 through 3 as follows:

### COUNT I

As Count 1 of Plaintiff's Complaint (Doc. 1), as modified by Administrative Order 244 and the Court's Merit Review Order (Doc. 9), is not directed at this Defendant, Defendant makes no answer or response to the same. In the event any of the allegations relevant to Count 1 of Plaintiff's Complaint (Doc. 1), as modified by Administrative Order 244 and the Court's Merit Review Order (Doc. 9), are directed at or construed against this Defendant, the same are denied.

## COUNT II

Defendant admits that it provided certain medical services at Shawnee Correctional Center pursuant to contract at all time relevant to Plaintiff's allegations. Defendant admits only that Plaintiff had certain diseases and conditions and received certain care and treatment as is more fully and completely reflected in his medical records. Except as expressly admitted herein, the remaining allegations regarding Plaintiff's care and treatment are denied. Defendant denies that it was deliberately indifferent to Plaintiff's alleged medical needs related to his alleged prostatitis, urinary issues, and pain in the pelvic area, penis, and testicles, and further denies that it violated Plaintiff's Eighth Amendment rights or that it denied Plaintiff medical treatment. Defendant lacks sufficient knowledge or information regarding the remaining allegations relevant to Count 2 as to formulate a response, and therefore, denies the same.

## COUNT III

Defendant admits that it provided certain medical services at Shawnee Correctional Center pursuant to contract at all time relevant to Plaintiff's allegations. Defendant admits only that Plaintiff had certain diseases and conditions and received certain care and treatment as is more fully reflected in his medical records. Except as expressly admitted herein, all remaining allegations regarding Plaintiff's care and treatment are denied. Defendant denies that it breached any standard of care owed to Plaintiff, and further denies any negligence in the performance of its duties. Defendant denies that any alleged damages suffered by Plaintiff were actually or proximately caused by Defendant. Defendant lacks sufficient knowledge or information regarding the remaining allegations relevant to Count 3, as to formulate a response, and therefore, denies the same.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in his Complaint (Doc. 1), as modified by Administrative Order 244 and the Court's Merit Review Order (Doc. 9).

## JURY DEMAND

Defendant requests a trial by jury.

## AFFIRMATIVE DEFENSES

1. At all times relevant herein, Defendant acted in good faith in the performance of its official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Thus, Defendant is protected from suit by the doctrine of qualified immunity.

2. To the extent Plaintiff's claims are against Defendant in its official capacity, the claims are barred by the Eleventh Amendment.

3. To the extent Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act and other applicable statutes.

4. Plaintiff's claims are barred or are limited to the extent Plaintiff's damages, if any, resulted from his own actions or failure to mitigate.

5. Plaintiff's claims for negligence are barred as Plaintiff has failed to file an affidavit stating reasonable and meritorious cause, along with a supporting physician's report, as required by Illinois state law, *i.e.*, 735 ILCS § 5-622.

6. At all times relevant herein, Defendant acted in good faith and under color of state law, thus Plaintiff is barred from seeking monetary damages. *Janus v. Am. Fedn. of State*, 2019 U.S. App. LEXIS 33071, *9, (7th Cir. 2019).

7. Plaintiff failed to state any claims upon which relief can be granted.

WHEREFORE defendant, WEXFORD HEALTH SOURCES, INC., having fully answered Plaintiff's Complaint (Doc. 1), as modified by Administrative Order 244 and the Court's Merit Review Order (Doc. 9), prays this Court dismiss Plaintiff's Complaint (Doc. 1), as modified by Administrative Order 244 and the Court's Merit Review Order (Doc. 9), against this Defendant with prejudice, all costs taxed to Plaintiff, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Brent S. Scott
Attorneys for Defendant, WEXFORD HEALTH SOURCES, INC.

Brent S. Scott
ARDC No. 6331521 / MO Bar 71164
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
bscott@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court using the CM/ECF system.  The electronic case filing system sent a "Notice of E-Filing" to the following:

R. Levi Carwile
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8782
Robert.carwile@ilag.gov

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in St. Louis, Missouri, with proper postage prepaid, before the hour of 5:00 p.m., on August 27, 2021.  Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

Jeff McGraw, #Y38458
Pontiac Correctional Center
700 West Lincoln Street
P.O. Box 99
Pontiac IL 61764

/s/ Brent S. Scott

9941372 BSCOTT;BSCOTT