IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JEFF MCGRAW, #Y38458, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-0800-SMY |
| | ) |
| MARY PEEKS, et al., | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, DAVID MITCHELL, by and through his attorney, KWAME RAOUL, Attorney General of the State of Illinois, and for his Answer to Plaintiff's Complaint [Doc. 1], in accordance with the Southern District Administrative Order No. 244 and this Court's Merit Review Order [Doc. 9] states as follows:

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was shot fifteen times in 2013 and had bullet fragments removed from his bladder in 2013 and 2014. He saw a urologist for pain in his pelvic area and urinary retention while he was housed in the Cook County Jail in 2019. A CT scan revealed bullet fragments in his prostate. The urologist also diagnosed Plaintiff with prostatitis (inflammation of the prostate). He was given the option of surgery at that time or to wait until the bullet fragments migrated to a safer place for removal.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

Because of the potential issues that surgery on his prostate could cause, Plaintiff chose to wait. Plaintiff submitted sick call requests for urinary retention and pelvic and penile pain while incarcerated at Shawnee Correctional Center. He submitted his first request in March 2020 and submitted seven requests before he was seen in October or November 2020. During a sick call visit with Mary Peeks, she ordered a urine test which will not detect prostate issues or show whether the bladder is functioning properly. Peeks was aware of Plaintiff's medical issues because she reviewed his medical records that show his diagnoses of prostatitis and chronic testicular pain. During Plaintiff's visits with Peek, she was hostile, rude, and unprofessional. Although she had the ability to refer Plaintiff to a physician and was aware of his medical issues, she failed to refer him until months after he initially saw her.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

Plaintiff spoke with Warden Mitchell on December 4, 2020 while in the healthcare unit. He told the Warden he was in a lot of pain due to an enlarged prostate and he was not being treated properly. The Warden asked how long he had been in pain and then spoke with Peeks. Peeks told Warden Mitchell that she had referred Plaintiff to see Dr. David and he had an appointment on December 7, 2020. Plaintiff did not see Dr. David on that date, but did see Warden Mitchell and told him that he was still in extreme pain and had not seen the doctor. Warden Mitchell stated "oh well" and walked away. Warden Mitchell could have walked Plaintiff to healthcare to receive immediate attention but did not.

**ANSWER: Defendant denies that he would have told Plaintiff "oh well" if Plaintiff complained to him of pain and further denies he would have walked away without providing any assistance if he actually heard complaints from Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

When Plaintiff saw Dr. David, he told him that he had researched his urination issues and believed he had an enlarged prostate.  Dr. David did not perform any diagnostic testing or an examination to determine the cause of Plaintiff's symptoms, nor did he review Plaintiff's medical records regarding his previous treatment with urologists.  Dr. David is a general practitioner, not a urologist, and made treatment decisions without referring Plaintiff to a urologist or other specialist.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

In response to a grievance Plaintiff subsequently filed, Dr. David stated Plaintiff had no evidence of urinary retention, yet he had prescribed medication for urinary retention.  The prescribed medication did not alleviate Plaintiff's issues and he continues to have urinary issues and pain in his pelvis, penis, and testicles.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

Wexford Health Sources contracts with IDOC to provide medical care to inmates.  Through the actions and inactions of its employees, the following unconstitutional policies and/or customs written and unwritten exist:  1) an inmate is required to see a nurse, who does nothing more than triage, twice before seeing a physician for a serious, diagnosed medical condition which allows pain to linger unnecessarily; 2) physicians who are general practitioners are able to deny access to specialist without a thorough investigation of an inmate's medical condition; 3) inmates with serious, diagnosed medical conditions are delayed treatment in hope that the issue will resolve itself; and 4) inmates are routinely denied CT scans, x-rays, and MRIs to save money which delays diagnosis of medical conditions.

**ANSWER: Defendant admits that Wexford Health Sources contracts with IDOC to provide medical care to inmates in IDOC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

Based on the allegations in the Complaint, the Court designates the following claims in this pro se action:

Count 1: Eighth Amendment claim against Peeks, Dr. David, and Warden Mitchell for exhibiting deliberate indifference to Plaintiff's serious medical needs related to his prostatitis, urinary issues, and pain in the pelvic area, penis, and testicles.

**ANSWER: Defendant denies he exhibited deliberate indifference to Plaintiff's medical needs related to his prostatitis, urinary issues, and pain.**

Count 2: Eighth Amendment/Monell claim against Wexford Health Sources Inc. for exhibiting deliberate indifference to Plaintiff's serious medical needs based on its policies and/or customs of 1) requiring an inmate to see a nurse, who does nothing more than triage, twice before seeing a physician for a serious, diagnosed medical condition which allows pain to linger unnecessarily; 2) allowing general practitioners to deny access to specialist without a thorough investigation of an inmate's medical condition; 3) delaying treatment for inmates with serious, diagnosed medical conditions to wait and see if the issue will resolve itself; and 4) routinely denying CT scans, x-rays, and MRIs to save money which delays diagnosis of medical conditions, all of which resulted in a denial and/or delay of proper medical care for Plaintiff's prostatitis, urinary issues, and pain in the pelvic area, penis, and testicles.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

Count 3: State law medical negligence claim against Peeks, Dr. David, and Wexford Health Sources for delaying and/or denying proper medical care for Plaintiff's prostatitis, urinary issues, and pain in the pelvic area, penis, and testicles.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

## JURY DEMAND

Defendant demands a trial by jury in this matter.

## AFFIRMATIVE DEFENSES

### A. Administrative Exhaustion

Plaintiff has filed suit concerning incidents which occurred while Plaintiff was incarcerated within the Department of Corrections. Plaintiff has failed to properly exhaust administrative remedies as he is required prior to filing suit under 42 U.S. C. §1983 and his claims are, therefore, barred by the Prison Litigation Reform act (42 U.S. C. §1997e(a)) and *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

### B. Qualified Immunity

At all relevant times, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from suit by the doctrine of qualified immunity.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully request that this Honorable Court enter judgment in his favor and against Plaintiff, and deny any and all relief requested by Plaintiff in this matter.

                              Respectfully submitted,

                              DAVID MITCHELL,

                              Defendant,

                              KWAME RAOUL, Attorney General,
                              State of Illinois,

                              Attorney for Defendant,

R. Levi Carwile, #6317375
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8782                       BY:   s/ R. Levi Carwile
Robert.carwile@ilag.gov                      R. Levi Carwile, #6317375
                                                      Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JEFF MCGRAW, #Y38458, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-cv-0800-SMY |
| MARY PEEKS, et al., | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2021, the foregoing document, <u>Defendant's Answer and Affirmative Defense</u>, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Timothy P. Dugan           tdugan@cassiday.com
Brent Steven Scott         bscott@cassiday.com

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Jeff McGraw #Y38458
PONTIAC CORRECTIONAL CENTER
700 West Lincoln Street
PO Box 99
Pontiac, IL 61764

By: s/ R. Levi Carwile
R. Levi Carwile, #6317375
Assistant Attorney General
Office of the Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8782 Phone
(618) 236-8747 Fax
Robert.carwile@ilag.gov