048928/21061/TPD/BSS

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| JEFF MCGRAW, #Y38458, | |
| Plaintiff, | |
| v. | Case Number 3:21-cv-00800-SMY |
| MARY PEEKS, A. DAVID, WARDEN MITCHELL, and WEXFORD HEALTH SOURCES, | Judge Staci M. Yandle |
| Defendants. | |

## MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

COMES NOW Defendant, WEXFORD HEALTH SOURCES, INC., ALFONSO DAVID, and MARY PEEKS, by and through their attorneys, CASSIDAY SCHADE LLP, and pursuant to Federal Rule of Civil Procedure 56 and SDIL-LR 7.1(D), hereby submits their Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, states as follows:

1. Plaintiff filed his §1983 lawsuit on July 12, 2021, (ECF No. 1).

2. As it relates to Defendants Mary Peeks and Alfonso David, on August 16, 2021, the Court ordered that the Plaintiff could proceed on the following claims: "Eighth Amendment deliberate indifference to a serious medical condition," and "state law medical negligence claim." (ECF No. 9).

3. As it relates to Defendant Wexford Health Sources, Inc., on August 16, 2021, the Court ordered that the Plaintiff could proceed on the following claims: "Eighth Amendment/*Monell* for deliberate indifference to a serious medical needs," and "state law medical negligence claim." (ECF No. 9).

4.     Defendants bring this Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.

5.     Summary judgment should be granted if the depositions, affidavits, and other "materials in the record" show "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(c)(1). A "material fact" is one that affects "the outcome of the suit." An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. All evidence and reasonable inferences must be viewed in the light most favorable to the non-moving party. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

6.     In order to proceed on a §1983 lawsuit, a Plaintiff must first exhaust all administrative remedies.  42 U.S.C §1997e (a); Pavey v. Conley, 544 F.3d, 739, 740 (7th Cir. 2008); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999).

7.     Defendants file concurrently herewith, and incorporate by reference herein, their Memorandum of Law in Support of this Motion.

8.     Defendants set forth evidence in their Memorandum of Law which proves the Plaintiff did not exhaust all his administrative remedies as they relate to his present claims.

Plaintiff cannot set forth evidence to prove he exhausted all his administrative remedies as they relate to his present claims; therefore, this Court should grant summary judgment in Defendant's favor.

## **CONCLUSION**

WHEREFORE, for the above reasons, and those contained within their Memorandum in Support of this Motion, WEXFORD HEALTH SOURCES, INC., ALFONSO DAVID, and MARY PEEKS respectfully requests this Honorable Court grant their Motion for Summary Judgment and grant such further relief as deemed appropriate.

                    Respectfully submitted,

                    CASSIDAY SCHADE LLP

                    By: /s/ Brent S. Scott
                        One of the Attorneys for Defendant,
                        WEXFORD HEALTH SOURCES, INC.,
                        ALFONSO DAVID, and MARY PEEKS

Brent S. Scott
ARDC No. 6331521 / MO Bar 71164
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
bscott@cassiday.com

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

R. Levi Carwile
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea IL 62226
(618) 236-8782
Robert.carwile@ilag.gov

      and I hereby certify that a true and correct copy of the foregoing Motion was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in St. Louis, Missouri, with proper postage prepaid, before the hour of 5:00 p.m., on December 20, 2021. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

Jeff McGraw, #Y38458
Pontiac Correctional Center
700 West Lincoln Street
P.O. Box 99
Pontiac IL 61764

                                                                                                      /s/ Brent S. Scott

10052971 BSCOTT;BSCOTT