048928/21061/TPD/BSS

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| JEFF MCGRAW, #Y38458,<br><br>    Plaintiff,<br><br>v.<br><br>MARY PEEKS, A. DAVID, WARDEN MITCHELL, and WEXFORD HEALTH SOURCES,<br><br>    Defendants. | Case Number  3:21-cv-00800-SMY<br><br>Judge Staci M. Yandle |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

COMES NOW Defendant, WEXFORD HEALTH SOURCES, INC., ALFONSO DAVID, and MARY PEEKS, by and through their attorneys, CASSIDAY SCHADE LLP, and for their Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, state as follows:

Plaintiff, JEFF MCGRAW, #Y38458, filed his §1983 Complaint (Doc. 1) on July 12, 2021. This Complaint, as modified by Administrative Order 244 and the Court's Merit Review Order (Doc. 9), alleges that between March of 2020 through December of 2020, Defendants Mary Peeks, Alfonso David, and Wexford Health Sources, Inc., were both negligent and deliberately indifferent to Plaintiff's medical needs. (Doc. 9 at pg. 23).

On December 20, 2021, Defendants filed their Motion for Summary Judgment, (Doc. 32), and Memorandum in Support, (Doc. 33). Defendants argue that Plaintiff's first two relevant grievances were received by the Administrative Review Board, (the "ARB"), outside the 30-day window required by 20 Ill. Admin. Code § 504.8520(a), (Doc. 33, pg. 14-15), his third relevant grievance was improperly sent to the ARB without first receiving a response from the Chief

Administrative Officer, (Doc. 33, pg. 16),[1] and his fourth relevant grievance was received by the ARB outside the 30-day window and was still pending when this suit was filed, (Doc. 33, pp. 17-18).[2] On January 6, 2022, the Plaintiff filed his Response, (Doc. 35), alleging for the first time that his grievances were delayed in the mail due to his transfer to Pontiac Correctional Center, his quarantine status, and the backlog in Pontiac Correctional Center's Mailroom. (Doc. 35 pg. 2). On January 10, 2022, Defendants filed a Motion for Leave to file a Reply citing Plaintiff's falsification of evidence, misstatements related to that evidence, new arguments, misrepresentation of evidence, and introduction of a new grievance as grounds for reply. (Doc. 36, pp. 1-3). Defendants submit this Reply while their Motion for Leave is pending to comply with the 14-day deadline to respond.

Defendants first state that Plaintiff falsified his Exhibit B2 in a manner that is specifically directed at affecting this Court's determination of whether he exhausted his administrative remedies by adding his signature, inmate number, and "February 17, 2021," to the document. This altered exhibit would support Plaintiff's claim that he timely mailed his first and third grievances to the ARB. Regardless, Plaintiff's falsification of Exhibit B2 is undisputed based on the presence of Defendants' Bates Stamp. Specifically, On September 2, 2021, Defendants issued a subpoena to the ARB to obtain Plaintiff's grievance records. (Exh. 1). The ARB provided Defendants with the records on September 3, 2021, including an affidavit from the Custodian of Records as to the Records' authenticity. (Exh. 2). These records show that when this Appeal was received by the ARB, the Plaintiff had not signed, provided his identification

---

[1] Due to how the grievances were grouped by the Chief Administrative Officer, Defendants mistakenly argued that this grievance 2020-12-84 was improperly appealed. However, the records reflect it was reviewed with grievance 2020-11-108E. The arguments in Plaintiff's Memorandum regarding 2020-11-108E would include 2020-12-84 as they were treated as one.

[2] Defendants refer to Plaintiff's grievances based on their order of submission. "First," 2020-11-108E, dated November 25, 2020, (Doc. 33, pp. 3-4, 7(a)); "Second," 2020-12-42E, dated December 8, 2020, (Doc. 33, pp. 4-5, 7(b)); "Third," dated December 16, 2020, (Doc. 33, pp. 4-5, 7(c)); and "Fourth," 092121, dated April 15, 2021, (Doc. 33, pp. 5-6, 7(d)).

number, or dated the appeal. (Exh. 2, pg. 23). Additionally, the "MCGRAW ARB 0023," marking on Plaintiff's Exhibit B2, is not present on the ARB's copy. (Exh. 2, pg. 23).

On November 1, 2021, Defendants sent Plaintiff copies of these ARB Records in their Rule 26 Initial Disclosures, (Exh. 3), bates stamped as MCGRAW ARB 0001-0059, (Exh. 4). On January 6, 2022, Plaintiff included the copy of his appeal of Grievances 2020-11-108E and 2020-12-84 bearing Defendants' bates stamps as his Exhibit B2; however, Plaintiff's copy of this appeal includes his signature, identification number, and the date of February 17, 2021 in the "Offender's Appeal To The Director," section. (Doc. 35 pg. 7). As Plaintiff's Exhibit B2 bears Defendants' bates stamp, and when Defendants stamped the original, the aforementioned fields were blank, the only explanation is that Plaintiff altered his Exhibit B2 from the records provided by Defendants, then provided false testimony that these grievances were "appealed and signed." (Doc. 32, pg. 3).[3] In light of this, Defendants contend that Plaintiff's Exhibit does not refute Defendants' argument that the first and third grievances failed to exhaust administrative remedies.

Next, Plaintiff has only now alleged that his facially deficient grievances should be considered exhausted due to circumstances beyond his control. However, these arguments are without merit and will be addressed in turn. First, Plaintiff states that due to his transfer from Shawnee Correctional Center to Pontiac Correctional Center on January 29, 2021, he did not have access to his personal property until February 17, 2021. (Doc. 35, pg. 2). Viewing this claim in the light most favorable to Plaintiff, he has not demonstrated that his ability to appeal was not available between January 20, 2021 and January 29, 2021.[4] As such, Plaintiff has failed

---

[3] Plaintiff similarly claims that his second grievance was appealed and signed, (Doc. 35, pg. 2), although his exhibit shows that his appeal was unsigned, (Doc. 35, Exh. C2).
[4] Or January 13, 2021 to January 29, 2021 as to Plaintiff's second grievance (Doc. 33-2, pg. 29).

to refute Defendants' argument that the first three grievances failed to exhaust his administrative remedies.

Second, Plaintiff alleges he was told by a correctional officer that his mail would not be processed until Plaintiff's quarantine status was lifted. (Doc. 35, pg. 2). Plaintiff presents the correctional officer's out of court statement for the alleged truth that Plaintiff's mail was not processed due to quarantine status. As such, this statement is hearsay for which no exception has been provided, (FRE 801(c)), and therefore is not admissible, (FRE 802). Because this statement is inadmissible hearsay, Plaintiff fails to refute Defendants' argument that the first three grievances failed to exhaust Plaintiff's administrative remedies.

Third, Plaintiff seemingly implies that his grievances were not timely mailed due to the mailroom being about four weeks behind. (Doc. 35, pg. 2). However, this implication improperly suggests that this statement was made at a time relevant to his grievances. Plaintiff's Exhibit A1 indicates that this was the status of the mail room on or around April 13, 2021. (Doc. 35, Exh. A1). Assuming this delay as true, and applicable to the processing of outgoing mail, this only shows that on the date of April 13, 2021, the mailroom would have been processing the mail from approximately March 16, 2021. Accordingly, Plaintiff's Exhibit A1 is insufficient to prove that the mailroom experienced this delay on or around February 19, 2021. As Exhibit A1 is insufficient to show a delay in the mail at the relevant time, Plaintiff fails to refute Defendants' argument that the first three grievances failed to exhaust Plaintiff's administrative remedies.

Finally, Plaintiff has alleged that his Administrative Remedies were exhausted through his fourth grievance, as well as grievance 092495. (Doc. 35 pg. 4). Defendants have already argued that the fourth grievance did not exhaust Plaintiff's Administrative Remedies due to this suit being filed during the pendency of the ARB's response. (Doc. 33, pg. 18). Plaintiff has not

asserted an actual argument to refute this, so Defendants will rest on their Memorandum. However, Plaintiff has introduced Grievance 092495 as evidence that he has exhausted his Administrative Remedies. Defendants categorized this grievance as being unrelated to the present issues in their Statement of Facts. (Doc. 33, pg. 9, 8(g)). Specifically, the grievance concerns issues with medical care from Dr. Tilden at Pontiac Correctional Center, where this matter is about medical care from the Defendant providers at Shawnee Correctional Center, (Doc. 9, pg. 1). Even if this grievance would be construed to apply to Plaintiff's *Monell* claims against Wexford Health Sources, Inc., this grievance was not responded to by the ARB until August 26, 2021, (Doc. 33-2, pg. 9), where this suit was filed July 12, 2021, (Doc. 1). As a result, this grievance does not exhaust Plaintiff's administrative remedies as this suit was filed during the pendency of the ARB's Response.

WHEREFORE, Defendants respectfully request that this Court grant their Motion for Summary Judgment, and for such other relief as this Court deems proper.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:  /s/ Brent S. Scott
    One of the Attorneys for Defendant,
    WEXFORD HEALTH SOURCES, INC.,
    ALFONSO DAVID, and MARY PEEKS

Brent S. Scott
ARDC No. 6331521 / MO Bar 71164
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
bscott@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, I electronically filed the foregoing Reply to Plaintiff's Response with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

R. Levi Carwile
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea IL 62226
(618) 236-8782
Robert.carwile@ilag.gov

and I hereby certify that a true and correct copy of the foregoing Reply to Plaintiff's Response was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in St. Louis, Missouri, with proper postage prepaid, before the hour of 5:00 p.m., on January 20, 2022. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

Jeff McGraw, #Y38458
Pontiac Correctional Center
700 West Lincoln Street
P.O. Box 99
Pontiac IL 61764

/s/ Brent S. Scott

10080637 BSCOTT;BSCOTT