September 2, 2021

**BRENT S. SCOTT**
WRITER'S DIRECT DIAL 314-655-4718
BSCOTT@CASSIDAY.COM

VIA EMAIL ONLY DOC.ARBLegalReq@illinois.gov
Illinois Department of Corrections
P.O. Box 19277
1301 Concordia Court
Springfield, IL 62794

    Re:    JEFF MCGRAW, #Y38458 v. MARY PEEKS, A. DAVID, WARDEN MITCHELL, and WEXFORD HEALTH SOURCES
          Court No.:    3:21-cv-00800-SMY
          Our File No.:  048928/21061/TPD/BSS

Dear Sir or Madam:

    This firm represents Alfonso David and Wexford Health Sources, Inc. in an action brought by JEFF MCGRAW, #Y38458. In preparing this case for trial, we need to obtain CERTIFIED copies of all records listed on the attached Subpoena concerning JEFF MCGRAW, #Y38458. **Please note that we need these records no later than October 4, 2021.**

    Also enclosed is an Order of the Court, permitting the release of records to our office. It is our understanding you will mail these records to our office, in lieu of appearing for a deposition. In addition, as the Records Custodian, please read and execute the enclosed Affidavit. If the records are returned without a properly executed Affidavit, it will increase the likelihood that a representative of your facility will have to appear before the Court to certify the records.

    If you should have any questions or concerns, please contact me. Any charges associated with this request should be billed to this firm and directed to my attention. Thank you for your assistance.

Sincerely,

Cassiday Schade LLP

Brent S. Scott
Enclosure
  cc:    Jeff McGraw, #Y38458
           R. Levi Carwile

9951144 BSCOTT;MJANINI

**ATTORNEYS AT LAW**      ILLINOIS      INDIANA      MISSOURI      WISCONSIN



(Page 1)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF MCGRAW, #Y38458,<br><br>Plaintiff,<br><br>v.<br><br>MARY PEEKS, A. DAVID, WARDEN MITCHELL, and WEXFORD HEALTH SOURCES,<br><br>Defendants. | Civil Action No. 3:21-cv-00800-SMY<br><br>Judge Staci M. Yandle |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

TO:  Individual in Custody Issues, Illinois Department of Corrections, 1301 Concordia Court, Springfield, IL 62794

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying testing, or sampling of the material: All grievance and related documents submitted by Jeff McGraw, #Y38458 and related grievance officer decisions, decisions of the Administrative Review Board and Director, including IGRV Individual in Custody History from August 30, 2019 to the present

| Place:<br>Cassiday Schade LLP<br>100 North Broadway, Suite 1580<br>St. Louis, MO 63102 | Date and Time:<br>October 4, 2021 |
|---|---|

☐  *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: September 2, 2021

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*            *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing (*name of party*) WEXFORD HEALTH SOURCES, INC., ALFONSO DAVID, and MARY PEEKS, who issues or requests this subpoena, are: Brent S. Scott  (bscott@cassiday.com), Cassiday Schade LLP, 100 North Broadway, Suite 1580, St. Louis, MO 63102, (314) 241-1377.

(Page 2)

Civil Action No. 3:21-cv-00800-SMY

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (*name of individual and title, if any*) _____
was received by me on (*date*) _____.

☒ I served the subpoena by delivering a copy to the named person as follows: <u>Individual in Custody Issues, Illinois Department of Corrections, 1301 Concordia Court, Springfield, IL 62794 via email on September 2, 2021</u> .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fee or one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: September 2, 2021

*Server's Signature*: *Michele Janini*

Michele Janini, Paralegal
*Printed Name and Title*

Cassiday Schade LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
*Server's Address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena. (1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. **(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e)** **Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

STATE OF ILLINOIS          )

COUNTY OF _____     )

## **AFFIDAVIT OF CUSTODIAN OF GRIEVANCE RECORDS**

Before me, the undersigned Notary Public, personally appeared _____, who, being by me duly sworn, deposed as follows:

My name is _____ (Custodian of Records), I am of sound mind, capable of making this affidavit, and personally acquainted with the following facts:

I am a custodian of the records of the Administrative Review Board, Illinois Department of Corrections, hereinafter "the Board." Attached to this affidavit are _____ pages of records from the Board regarding **JEFF MCGRAW, #Y38458.** These _____ pages of records are kept by the Board in the regular course of business, and it was the regular course of business of the Board for an employee or representative of this facility to make a record of or to transmit information thereof to be included in such record; and the record was made at or near the time of the act or event. The records attached hereto are the original or exact duplicates of the original.

_____
Affiant

IN WITNESS WHEREOF I have hereunto subscribed my name and affixed my official seal this \_\_\_\_\_ day of _____, 2021

_____
Notary Public

My Commission Expires:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF MCGRAW, <br> # Y38458, <br><br> Plaintiff, <br><br> vs. <br><br> MARY PEEKS, ET AL, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 21-CV-800-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# HIPAA QUALIFIED PROTECTIVE ORDER

**YANDLE, District Judge:**

The Court finds that good cause exists for the entry of a Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") to prevent the unauthorized disclosure and to direct the use of protected health information during the course of this litigation. Accordingly, **IT IS ORDERED**:

1. All records produced by the parties to this litigation are produced subject to this Order.

2. This Order applies to any records produced by a covered entity, as defined by 45 C.F.R. 160.103, which has received a request or subpoena for protected health information.

3. During the course of this litigation, it may be necessary for the parties or their attorneys to disclose Plaintiff's protected health information, as that term is defined under HIPAA and the Federal Regulations promulgated pursuant to that Act.

1

(a)  All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b)  Protected health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

(c)  Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

(1) The parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or providing adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

(2) The parties, and each entity governed by this Order, shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made; provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

IT IS SO ORDERED.

DATED: 8/17/2021

                                                              s/ Staci M. Yandle,
                                                              Staci M. Yandle
                                                              United States District Judge